

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 5, 1957.

Honorable Max C. Smith,                    Opinion No. WW-87
Chairman, Appropriation Committee,
House of Representatives,                   Re: Constitutionality of
Austin, Texas.                                  House Bill 394, Acts
                                                of the 55th Legisla-
Dear Sir:                                       ture.

Your recent request concerns an inquiry as to the con-
stitutionality of House Bill 394 of the 55th Legislature. You
have verbally indicated to this office that your principal quest-
ion concerns the constitutionality of the payment of State funds
to public hospitals under the provisions of this bill.

House Bill 394 of the 55th Legislature in substance
authorizes the State, through the Board for Texas State Hospitals
and Special Schools, to pay for the hospital care of tuberculous
patients in public hospitals. To qualify under the provisions
of this Act, the applicant must be a tuberculosis patient who has
resided in this state since birth or for one year preceding the
date of application, prove that he or the person legally respons-
ible for him is financially unable to provide for such care; and
present the certificate of a reputable practicing physician stat-
ing that such person is suffering from tuberculosis.

The County Judge receives these applications, certifies
as to the reputation of the physician and satisfies himself that
the applicant is eligible for assistance under the provisions of
the Act. The approved application is then forwarded to the
Board of State Hospitals and Special Schools. The Board notifies
the applicant of its approval and of the amount which the State
will pay, if funds are available.

The Board, under the provisions of the Act, makes monthly
payments directly to the hospital furnishing the care in the ratio
of $2.00 for each $1.00 furnished by the County, City, District,
Community or other organization.

The act authorizes the Board to prescribe the standards
which a participating hospital must meet and provides that the
hospital must be approved by the Board before the payment of any
funds. The Board is allowed to discontinue, for good cause, the
amount of State care to a patient at any time upon notice to the
patient and the hospital. After the applicant has received care

for a period of two years, the Board shall review the case and determine whether further care should be provided.  The Act provides for payment of emergency care for a period not to exceed sixty days and concludes by providing for the administration of the act, a severance clause, and the declaration of an emergency.

Section 51, Article III of the Constitution of Texas prohibits the granting of public moneys to any individual, association of individuals, municipality or other corporation whatsoever. However, it is our opinion that the payments authorized under the provisions of House Bill 394, Acts of the 55th Legislature, do not fall within the prohibition of this constitutional provision. The payments authorized under the provisions of House Bill 394, though in the nature of a grant to the individual applicant or to the county, city, district, community, or other organization involved, are directed toward such a public purpose and result in such a community benefit as to fall without the prohibitions of Section 51, Article III of the Constitution of Texas.  It is recognized that by such statutes as Article 4438, V.C.S., which provides for the care by the county of the indigent sick in any public hospital located in the county, and Article 4440, V.C.S., which gives the county the right to return to the county of residence any indigent person suffering from tuberculosis who is sojourning in said county, the Legislature has indicated that the burden of caring for indigent tuberculars is to be upon the resident county of such tubercular.  Inasmuch as tuberculosis is a recognized threat to the public health and inasmuch as it is well established that tuberculosis is a contagious disease generally spread by ambulatory carriers, it is within the police power to require the hospitalization of known carriers.  A grant of money to forward this purpose is a use of public funds which may be supported under the power of the sovereignty to provide for the protection of the health, safety, and morals of its citizens and is not a gratuitous donation prohibited by Section 51, Article III, Constitution of Texas.

Having examined House Bill 394 of the 55th Legislature in the light of your question, it is our opinion that the Bill is constitutional as submitted.

## SUMMARY

House Bill 394 of the 55th Legislature is constitutional as submitted.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _Wayland C. Rivers Jr._
Wayland C. Rivers, Jr.
Assistant

WCR:pf:rh

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler
           Chairman

Byron Fullerton

Milton Richardson